## In re Anonymous No. 22 D.B. 78

Disciplinary Board Docket no. 22 D.B. 78.

To The Honorable Chief Justice and Justices of The Supreme Court of Pennsylvania.

HAMMERMAN, *Member,* June 8, 1981—Pursuant to Pa.R.D.E. 218(c)(5) the Disciplinary Board of the Supreme Court of Pennsylvania submits its findings and recommendations to your honorable

court with respect to the above petition for reinstatement.

## I. HISTORY

This is a petition for reinstatement after an order of the Supreme Court of Pennsylvania on May 29, 1980 suspending petitioner for a period of four months. The suspension order followed a unanimous recommendation from the Disciplinary Board that petitioner be publicly censured and be placed on probation for a period of one year, although the hearing committee recommended suspension for six months.

This case arose out of five charges in the petition for discipline filed against respondent alleging that respondent has violated the following Disciplinary Rules of the Code of Professional Responsibility:

(a) D.R. 1-102(A)(4): A lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation;

(b) D.R. 6-101(A)(3): A lawyer shall not neglect a legal matter entrusted to him;

(c) D.R. 7-101(A)(2): A lawyer shall not intentionally fail to carry out a contract of employment entered into with a client for professional services . . .;

(d) D.R. 7-101(A)(3): A lawyer shall not intentionally prejudice or damage his client during the course of the professional relationship . . .;

(e) D.R. 7-102(A)(3): In his representation of a client, a lawyer shall not conceal or knowingly fail to disclose that which he is required by law to reveal;

(f) D.R. 1-102(A)(5): A lawyer shall not engage in conduct that is prejudicial to the administration of justice;

(g) D.R. 7-101(A)(1): A lawyer shall not intentionally fail to seek the lawful objectives of his client through reasonably available means permitted by law and the Disciplinary Rules . . .;

(h) D.R. 7-102(A)(5): In his representation of a client, a lawyer shall not knowingly make a false statement of law or fact;

(i) D.R. 2-110(A)(1): If his permission for withdrawal from employment is required by the rules of a tribunal, a lawyer shall not withdraw from employment in a proceeding before that tribunal without its permission.

## II. DISCUSSION

Charge I, after hearing, was dismissed for lack of evidence, and the hearing committee's recommendation was based on the remaining four charges. Charge II involved [A], a client of [B] Esq. [A] was defendant in a divorce action instituted by her husband in 1970. On [B's] ascending the bench, respondent took over the file from [B]. Respondent was charged with failure to negotiate a property settlement of the real estate which was to be conveyed to [A] by her husband coincidental with the divorce.

[A] is still residing in the property and paying the mortgage and her former husband has made no demand on her in connection therewith.

Charge III involved the Estate of [C] who died on May 1, 1971. Three sons of decedent engaged respondent to represent them and serve as administrator of their father's estate. These sons were cousins to respondent. Respondent was charged with neglect of this estate and another attorney was engaged to wind up the matter. The attorney testified that he did not receive the file from respondent until 1978, although he made attempts to contact respondent in 1977.

The hearing committee concluded that respondent neglected the matter (D.R. 6-101(A)(3)), intentionally failed to seek the lawful objectives of his clients (D.R. 7-101(A)(1)) and intentionally failed to carry out a contract of employment entered into with clients for professional services (D.R. 7-101(A)(2)).

Charge IV relates to the criminal trial of [D] in [   ] County involving charges of burglary and robbery. Respondent represented [D] at trial and timely filed an appeal from the conviction. It was charged that respondent failed to file an appellate brief on behalf of [D] resulting in a judgment of non pros. [D] testified that he retained [E], who upon ascending the bench, referred his matter to respondent.

The hearing committee concluded that respondent engaged in conduct prejudicial to the administration of justice (D.R. 1-102(A)(5)) and neglected a legal matter entrusted to him (D.R. 6-101(A)(3)).

Charge V dealt with the matter of [F] who was convicted in a criminal trial in the United States District Court for the District of Connecticut and respondent agreed to represent [F] on appeal. Later, respondent moved for leave to withdraw which was denied. Respondent did not thereafter further pursue the interests of his client, stating that he had not received notice of the denial. The hearing committee concluded that respondent engaged in conduct prejudicial to the administration of justice (D.R. 1-102(A)(5)), withdrew from employment in a proceeding before a tribunal without its permission (D.R. 2-110(A)(1)), neglected a matter entrusted to him (D.R. 6-101(A)(3)) and intentionally prejudiced or damaged his client during the course of the professional relationship (D.R. 7-101(A)(3)).

It appears that the most reprehensible action of respondent was his inability to turn down any representation whenever asked. In addition, his phys-

ical health was such at that time that he could not attend to these matters properly but failed to turn them over to anyone else. In addition, petitioner on many occasions failed to bill his clients because of his involvement in the excessive caseload be carried.

The petition for reinstatement was filed on December 5, 1980 and a hearing thereon was held on April 2, 1981 before a hearing committee.

Petitioner testified on his own behalf that his difficulties arose during the years 1976, 1977, and the early part of 1978. He had contracted phlebitis but continued working until he was hospitalized. He then began having problems with his back which required an operation and a hospital stay of almost three weeks in the late fall of 1978.

A special program was devised for petitioner before one judge to dispose of the back-up of petitioner's case, but he had a relapse in the courtroom and required almost six weeks of recovery before he could return to his office.

Petitioner testified that he was in good physical and mental health at the present time and was fully prepared to resume his work. Petitioner stated that he has kept up with legal skills, reading the Criminal Law Bulletin, Judge Ivin's and David Rudovsky's books on search and seizure, and suppression.

Disciplinary Counsel does not oppose reinstatement.

### III. CONCLUSION

Petitioner is no longer disabled by his physical problems, is in good mental health, recognizes the error of his previous management of his legal affairs and is entitled to reinstatement to active status.

## IV. RECOMMENDATION

With respect to 22 D.B. 78, the Disciplinary Board recommends to your honorable court that [Petitioner] be reinstated to the practice of law pursuant to Pa.R.D.E. 218 upon payment of the necessary expenses incurred in the investigation and processing of the petition as set forth on the attached schedule pursuant to Rule 218(e).

Mrs. Neuman did not participate in the adjudication.

## ORDER

ROBERTS, J., And now, June 22, 1981, the recommendation of the Disciplinary Board dated June 8, 1981, is accepted and the petition for reinstatement is granted.

The expenses incurred by the board in the investigation and processing of the petition for reinstatement shall be paid by petitioner.